UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. ULRICH ASSOCIATES, INC.,　　　　　Case No. 17-cv-10174

　　Plaintiff,　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE
　　　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　v.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
BILL FORGE PRIVATE LTD.,　　　　　　　　　R. STEVEN WHALEN

　　Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [49]

### I.　Introduction

On January 19, 2017, Plaintiff Donald J. Ulrich Associates, Incorporated initiated this action against Bill Forge Private Limited. *See* Dkt. No. 1. Plaintiff amended its Complaint on July 25, 2017. *See* Dkt. No. 22. There, it alleges that it entered into an agreement with the Defendant. *Id.* at p. 3 (Pg. ID 75). According to the Plaintiff, this agreement provided that Plaintiff would be the independent sales representative for the Defendant's sales of automobile parts that the Defendant manufactured or supplied to companies in North America. *Id.* Plaintiff contends that it was to receive a 3% commission on these sales, but that it has not received sums owed under the agreement. *Id.* Based on these allegations, Plaintiff raises seven claims in its Complaint, including claims for breach of contract to pay sales commissions (Count I) and unjust enrichment (Count VI). *See id.*

The parties are conducting discovery. As part of this process, the Plaintiff is seeking testimony from Defendant's corporate representatives about sales attributable to Defendant's nonparty subsidiaries. *See* Dkt. No. 49-7. On June 13, 2018, the Defendant filed a Motion for a Protective Order to prevent this testimony. Dkt. No. 49. The Plaintiff responded to the motion on June 27, 2018. Dkt. No. 52. The Defendant replied in support of its motion on July 1, 2018. Dkt. No. 54.

Presently before the Court is the Defendant's Motion for a Protective Order [49]. The Court will decide this motion without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons detailed below, the Court will DENY the Defendant's Motion for a Protective Order [49].

## II. Discussion

The Defendant contends that any agreement between the parties did not involve any of the Defendant's subsidiaries, and in particular, Bill Forge de Mexico S. de R.L. de C.V. ("Bill Forge Mexico"). Therefore, according to the Defendant, whether Plaintiff promoted sales to Bill Forge Mexico is irrelevant and the Court should prevent the Plaintiff from obtaining deposition testimony on Bill Forge Mexico's sales. The Court disagrees and will allow this testimony.

"Parties may seek discovery of any relevant, non-privileged information." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citing FED. R. CIV. P. 26(b)(1)). "But district courts," the Sixth Circuit has confirmed, "have

discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome." *Id.* (citing FED. R. CIV. P. 26(b)(2)).

Courts exercise this discretion when a party requesting a protective order demonstrates " 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' " *Id.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). Specifically, under that Rule "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). In assessing whether good cause exists, "court[s] must balance the 'right to discovery with the need to prevent fishing expeditions.' " *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236–37 (quoting *Serrano*, 699 F.3d at 902).

The Court concludes that the Defendant has not made the required showing. The Defendant first argues that, because Bill Forge Mexico is a nonparty, it is irrelevant whether the Plaintiff promoted sales for parts produced by Bill Forge Mexico. But these sales are relevant to Plaintiff's claims.

Indeed, the Plaintiff maintains that the parties' agreement provided that Plaintiff would receive commissions on sales that it promoted even if Bill Forge Mexico produced the parts ordered, and not the Defendant. In support of this contention, Plaintiff alleges that it solicited sales for parts to be produced at a facility

3

in Mexico, which had not been built at the time of these solicitations. *See* Dkt. No. 52, p. 5 (Pg. ID 687). Plaintiff asserts that it targeted sales for this facility on behalf of the Defendant, although the facility was part of Bill Forge Mexico. *Id.* Plaintiff even details its promotion efforts for sales regarding this facility, including the companies on the receiving end of these promotions. *See* Dkt. No. 52, p. 5 (Pg. ID 687); *see also* Dkt. No. 52-4, p. 3 (Pg. ID 734). Because the Plaintiff contends that it deserves commissions on any sales it promoted to Bill Forge Mexico, the requested testimony is relevant to this case.[1] Plaintiff's demand for testimony, then, is not a fishing expedition.

Second, the Defendant asserts that the Plaintiff has not offered a plausible explanation as to how it solicited business for Bill Forge Mexico. The Plaintiff, however, has submitted an affidavit from its president outlining its efforts to obtain business for the facility in Mexico. *See* Dkt. No. 52-4, p. 3 (Pg. ID 734). Thus, this argument lacks merit.

Finally, given the available information at this stage of the litigation, the Defendant has not demonstrated that the Plaintiff has no legal basis for claims regarding sales promoted for parts ultimately produced by Bill Forge Mexico. *See,*

---

[1] To be sure, the Court will not permit testimony regarding Bill Forge Global DMCC, a subsidiary that the Defendant previously owned and that closed in 2017. *See* Dkt. No. 49, p. 6 (Pg. ID 631). Plaintiff does not allege that it solicited sales directed at Bill Forge Global DMCC.

4

*e.g., Elec. Data Sys., LLC v. Syncreon Am. Inc.*, 2012 WL 4513588, at *10 (E.D. Mich. Sept. 29, 2012) (noting that "consideration for a contract may be provided by a third party" (citations omitted))).

**III.  Conclusion**

The Defendant asks for a protective order, claiming that the Plaintiff has requested irrelevant testimony from the Defendant's corporate representatives. Dkt. No. 49. Specifically, testimony regarding sales promoted by the Plaintiff for parts produced at or supplied by Bill Forge Mexico. As this testimony is relevant to Plaintiff's claims, the Court will DENY Defendant's Motion for a Protective Order [40].

IT IS SO ORDERED.

Dated:  July 18, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 18, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk