UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. ULRICH ASSOCIATES, INC.,

Plaintiff,

v.

BILL FORGE PRIVATE LIMITED,

Defendant.
_____/

Case No. 17-cv-10174

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [#60]

### I. INTRODUCTION

Plaintiff filed this breach of contract action on January 19, 2017. Dkt. No. 1. Subsequently, the Court set October 1, 2018 as the discovery cutoff date in this case. Dkt. No. 47. Plaintiff waited until one week before this deadline to serve a subpoena on Nexteer Automotive Corporation -- a non-party to this action -- requesting certain discovery documents. Now, Defendant moves the Court for a protective order to quash Plaintiff's subpoena. Dkt. No. 60.

Present before the Court is Defendant's Motion for Protective Order [#60], which was filed on October 1, 2018. Defendant sought Plaintiff's concurrence on this Motion, but concurrence was not obtained. Surprisingly then, Plaintiff did not

file a response in opposition to this Motion. *See* E.D. Mich. LR 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). After reviewing the briefing, the Court finds that no Hearing on the Motion is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT the Motion [#60].

## II. BACKGROUND

At some point after March 2014, Plaintiff and Defendant entered into an express agreement, whereby Plaintiff became the independent sales representative for Defendant to major automotive companies, including General Motors, Ford, Fiat-Chrysler, and their tiered suppliers. Dkt. No. 22, p. 3 (Pg. ID 75). Defendant agreed to pay Plaintiff three percent commission for all sales. *Id.* However, on January 5, 2017, Defendant terminated the agreement and stopped paying Plaintiff's sales commissions. *Id.* at p. 4 (Pg. ID 76). Soon after, this action ensued with Plaintiff seeking $500,000 in unpaid commissions. *Id.* at p. 5 (Pg. ID 77).

The parties in this case have been conducting discovery for over a year. Notably, the Court has extended the discovery cutoff date on two occasions, most recently, setting October 1, 2018 as the deadline. *See* Dkt. No. 17; Dkt. No. 36; Dkt. No. 47.

According to Defendant, Plaintiff seeks to recover its unpaid commissions from the business dealings between Defendant's subsidiary, Bill Forge de Mexico, and Nexteer Automotive Company ("Nexteer"), a tiered supplier for the major automotive companies. Dkt. No. 60, p. 8 (Pg. ID 791). To that end, Plaintiff sent a subpoena to Nexteer on September 24, 2018, requesting that Nexteer produce certain discovery documents. Dkt. No. 60-2. Specifically, the subpoena requested that Nexteer produce:

> (I)    All communications and documents to, from, or identifying Bill Forge, that were prepared on or after October 1, 2015, and that relate to the program known as CD-6; and

> (II)   All communications and documents to, from, or identifying Peter Ulrich or Donald J. Ulrich Associates in connection with the awarding of the program known as CD-6.

*Id.* at p. 3 (Pg. ID 811). Further, the subpoena gave Nexteer until October 1, 2018 -- the discovery cutoff date -- to comply. *Id.* at p. 1 (Pg. ID 809).

On October 1, 2018, Nexteer sent a letter to Plaintiff objecting to the discovery request, in part, because it provided Nexteer with less than a week to respond. *Id.* at p. 1 (Pg. ID 868). That same day, Defendant filed a Motion for Protective Order, asking the Court to quash Plaintiff's subpoena. Dkt. No. 60.

### III. DISCUSSION

Defendant moves for a protective order to quash Plaintiff's subpoena on three grounds: (1) Plaintiff's discovery request was untimely, (2) the expense of

Plaintiff's discovery request outweighs its likely benefit, and (3) Plaintiff failed to provide Defendant with notice prior to making the discovery request. *Id.* at pp. 6-8 (Pg. ID 789-91). Because the Court agrees that Plaintiff's subpoena failed to give Nexteer a reasonable amount of time to comply with the discovery request, the Court will grant Defendant's Motion.

"Parties may seek discovery of any relevant, non-privileged information." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citing Fed. R. Civ. P. 26(b)(1)). "But district courts have the discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome." *Id.* (citing Fed. R. Civ. P. 26(b)(2)).

"[A] subpoena issued pursuant to Federal Rule of Civil Procedure 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (quoting *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011)). Indeed, Rule 45(d)(3), in relevant part, provides that the court for the district where compliance is required "must quash or modify a subpoena" that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). It follows, "[c]ourts act within their sound discretion in quashing a subpoena where

the discovery sought would not be produced until after expiration of the discovery deadline." *Allstate Ins. Co.*, 309 F. Supp. 3d at 514.

Here, after extending discovery on two different occasions, the Court set October 1, 2018 as the final cutoff date. *See* Dkt. No. 17; Dkt. No. 36; Dkt. No. 47. From the beginning, the Court's Scheduling Order has been clear: "Discovery shall be *completed* on or before the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date." *See* Dkt. No. 17, p. 2 (Pg. ID 56) (emphasis added). Despite this directive, Plaintiff waited until one week before the deadline to serve Nexteer with a subpoena, requesting that Nexteer comb through and produce at least three years' worth of documents. *See* Dkt. No. 60-2, p. 3 (Pg. ID 811). Understandably, Nexteer objected. *See* Dkt. No. 60-12.

Nexteer stressed that compliance with the subpoena "would require Nexteer to identify an unknown number of unidentified custodians related to the entire [CD-6] program, potentially implicating multiple departments, and then leaf through potentially thousands of pages of documents." *Id.* at p. 5 (Pg. ID 872). Further, Nexteer would have needed to complete this mass production within a seven-day span. *Id.* at p. 1 (Pg. ID 868). Defendant cites to several cases where courts have found similar timelines unreasonable. *See e.g.*, *Friedberg v. Madison Realty Invs., Inc.*, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (finding five

business days to produce documents spanning a four-year period unreasonable); *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706898, at *1, n.1 (N.D. Cal. Nov. 25, 2014) (finding nine-day response requirement unreasonable); *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, at *4 (M.D. La. Nov. 19, 2014) (finding nine-day response time unreasonable). The Court finds these cases persuasive and agrees that the seven-day period Plaintiff afforded to Nexteer was unreasonable.

Plaintiff had the opportunity to subpoena Nexteer well before the discovery deadline approached. In fact, the record shows that Plaintiff first subpoenaed Nexteer to produce certain discovery documents in this case on March 2, 2018. *See* Dkt. No. 60-5. Finding no reason why Plaintiff waited until the eve of the discovery deadline to subpoena Nexteer for additional documents, the Court will quash Plaintiff's subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(i) as untimely.

As an aside, Defendant raised two additional arguments in support of its Motion for Protective Order: (1) the expense of Plaintiff's discovery request outweighs the likely benefit, and (2) Plaintiff failed to provide Defendant with notice prior to making the discovery request. *See* Dkt. No. 60, pp. 6-7 (Pg. ID 789-90). However, because the Court finds that Plaintiff's subpoena was untimely, and

because Plaintiff failed to oppose Defendant's Motion, it is not necessary to reach the merits of these remaining arguments.

## IV. CONCLUSION

For the reasons stated herein, the Court will GRANT Defendant's Motion [#60].

IT IS SO ORDERED.

Dated:     November 20, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager